## *In re* MacDONELL'S ESTATE.

1. TRUSTS—ACCUMULATIONS—STATUTES—TOTAL INCOME.

   The statute prohibiting the accumulation of rents and profits from real estate except during the minority of persons for whose benefit the accumulation is directed applies to trust estate whose income from real estate is approximately 99 per cent. of the total income (CL 1948, §§ 554.37, 554.38).

2. SAME—UNDISTRIBUTED NET INCOME.

   There is an accumulation when there is net income available and it is not distributed within a reasonable time (CL 1948, §§ 554.37, 554.38).

3. SAME—STATUTES—IMPLIED DIRECTION AS TO ACCUMULATIONS.

   The statute prohibiting an accumulation of rents and profits from real estate except during the minority of persons for whose benefit the accumulation is directed applies so as to make void an implied direction for accumulation of rents as well as to an express direction therefor (CL 1948, §§ 554.37, 554.38).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TRUSTS—RESERVE ACCOUNT FOR REPAIRS—ACCUMULATIONS—STATUTES.

   Where *cestui que trust's* petition filed in probate court sought payment of net income as well as a construction of the provisions of the will, the matter of whether or not the trustee should establish a reserve account for repairs to an apartment building which was the chief asset of the trust estate was not properly before the circuit court, hence propriety of its order in such respect is not determined, where its order reversing judgment of probate court is in turn reversed and amount of rental account ordered distributed pursuant to statute respecting accumulations (CL 1948, §§ 554.37, 554.38).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 41 Am Jur, Perpetuities and Restraints on Alienation, § 48.
[2] 41 Am Jur, Perpetuities and Restraints on Alienation, § 47.
[4] 3 Am Jur, Appeal and Error, § 823.
[5] 14 Am Jur, Costs, § 91.

5. COSTS—CONSTRUCTION OF STATUTE—ACCUMULATIONS OF RENTS AND PROFITS FROM REAL ESTATE.

No costs are awarded on appeal in proceedings for construction of provisions of will relating to accumulation of rents and profits from real estate, where the construction of a statute is involved (CL 1948, §§ 554.37, 554.38).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 15, 1949. (Docket No. 60, Calendar No. 44,457.) Decided September 8, 1949.

In the matter of the estate of Sarah G. MacDonell, deceased. On petition of Donald Neil MacDonell for construction of will and increased allowance. Ralph J. Ziegler, appointed guardian *ad litem,* for minor and unborn children of Donald Neil MacDonell. On appeal to circuit court the petition was dismissed. Plaintiff appeals. Reversed and remanded.

*Fildew & DeGree* (*Leslie W. Fleming,* of counsel), for plaintiff.

*Thomas F. Chawke,* for trustees.

*Arthur L. Goulson,* for guardian *ad litem.*

SHARPE, C. J. This is an appeal involving the construction of a will. In August, 1942, Sarah G. MacDonell executed a will leaving a trust estate for the benefit of appellant, Donald Neil MacDonell, and his brother, Francis John MacDonell. The trust for each son is identical and reads as follows:

"The other one-half of the residuum of my estate not herein specifically disposed of, I give, devise and bequeath to my executors and trustees hereinafter named, in trust, nevertheless, for the following purposes:

"To invest, reinvest and keep the same invested, as hereinafter provided, and to collect and receive the income and profits from and of the principal of said trust estate, and after paying therefrom all proper expenses of administration of said trust estate and all taxes of any kind properly payable upon or in respect of said trust estate or the income therefrom, to pay out of the balance of said income, hereinafter referred to as net income, the sum of $200 per month to my beloved son, Donald Neil Mac-Donell, of the city of Detroit, county of Wayne and State of Michigan, for whose benefit said trust estate is hereby established, until he reaches the age of 35 years.

"Upon my said son reaching the age of 35 years, this trust estate established for his benefit shall cease and terminate, and my said executors and trustees shall then convey, assign and deliver to my said son, Donald Neil MacDonell, the beneficiary thereof herein named, all and singular the said trust property, absolutely and forever, free from the provisions of said trust."

The powers given to the trustees of the trust are as follows:

"I hereby give to the executors of this, my will, as trustees of the trusts and each of the trusts created by this, my will, full power and authority to hold, manage, care for, invest and reinvest the property of each of the said trusts created by this, my will; to sell, mortgage, pledge or lease the same, or any part thereof, and to reinvest the same, hereby giving and granting to them full power and authority to do all things necessary or proper in the handling and management of the property of each of said trusts, including the power to sell, lease, mortgage, pledge and convey the same and to reinvest the same without applying to any court for authority so to do.

"Also, I give to my said executors and trustees full power and authority to collect all income, rents, issues and profits thereof, and to apply the same as far

as may be necessary to the payment and discharge of all taxes, assessments and other charges lawfully imposed upon each of said trust estates created by this, my will, or any part thereof, or upon the income thereof, whether the same be assessed to the trustees or the beneficiaries of any of such trusts, to defray the costs of any items or charges for maintenance which may be necessary or reasonable; hereby giving to said executors and trustees full authority and discretion in the premises, and also to pay from each of said trust estates the reasonable compensation to said executors and said trustees.

"Any stock dividends that may be declared upon any stock belonging to any of the trusts created by this, my will, shall be treated as principal and not as income.

"Further, if, and in the event that, any corporation or company whose stocks or securities constitute or are held as a part of the principal of any trust hereby created shall be reorganized, or consolidated with any other corporation or company, or opportunity shall be offered to exchange any of its stock or securities for other stocks or securities issued or to be issued by it, or for the stocks or securities of any other corporation or company, I give to my said executors and trustees full power and authority, in their discretion, upon such terms and conditions as they may deem advisable, to exchange any such stocks or securities so held by them for the stocks or other securities of any such reorganized or consolidated corporation or company, or for other stocks or securities of such corporation or company, or for stocks or other securities of any such corporation or company.

"I will and direct my said trustees, in the event that any emergency should arise wherein they should deem it prudent for either of my said sons to have at any time more than the monthly income herein provided for them respectively out of their trust estates, that they shall have the power and authority, in their absolute discretion, to pay to either of my said sons

sufficient out of the principal or income of his trust to take care of such emergency.

"The executors and trustees shall not be liable for any loss, diminution or shrinkage that may come to the trust property, either in principal or interest or arising from any investment, provided the loss has not occurred through the gross mismanagement or willful default of said executors and trustees."

At the time of the trial in the circuit court the bulk of the estate consisted of a furnished apartment building on West Grand Boulevard in the city of Detroit. The building is approximately 45 years old and contains 69 apartments. It is 3 stories high, of brick construction with wooden sills and window sash. The 3 floors above the basement are served by one self-serve elevator. After the payment of ordinary current operating expenses and repairs the net revenue is approximately $18,000 per year.

In the petition filed by Donald Neil MacDonell it is alleged that at the time the will creating the trust was executed he was a single man; that he is now married and has 1 child; that due to his physical condition and the increased cost of living, his monthly expenses are approximately $650; that prior to filing his petition he was employed and earning $140 per month and that he is now in debt to the extent of approximately $4,800.

The trial court entered an order dismissing appellant's petition and in an opinion stated:

"Out of the net revenue this petitioner has been punctually paid his $200 per month, up to the present time. The Detroit Trust Company is the fiscal agent of the trustees. Under the testimony, which is not disputed, explained, or contradicted, there is now a balance in the income account of this petitioner the sum of $1,569.29. * * *

"We therefore have a situation where the will in question does not in express terms direct the accum-

ulation of rents. It does authorize the trustees to make expenditures necessary in their judgment for the upkeep of the body of the estate. It does authorize the trustees to allot to each of the beneficiaries sums which in their judgment are made necessary by emergencies. And, the testimony does indicate that large amounts of money chargeable against this petitioner's share of the net revenues of the estate have actually been paid to him. Therefore, it is a necessary conclusion that there has been no accumulation out of rents under this will by the trustees except in the amount of this $1,569.  *  *  *

"The trustees desire to accumulate a reserve fund as against necessary repairs and replacements of parts of the building, which they say are imminent. They desire to accumulate out of surplus rents, a sum of $3,500 in each trust estate. The reason they give is that the building is old and in bad repair; and that it is going to be, within the near future, necessary, in order to maintain its earning power, to make large amounts of expensive replacements. The elevator is old and needs to be replaced. The cost will be in the neighborhood of $2,500 to $3,000. The building needs to be repainted, especially the wooden sills and sash. Much interior decorating needs to be done. Refrigeration in each apartment of the building needs to be replaced. Much of the furniture, if not all of it, is practically worn out and needs replacement.

"Under all those circumstances I think it perfectly reasonable that the trustees exercise their discretion in the accumulation of the reserve fund which Mr. O'Donnell has suggested as being a reasonable reserve fund. I do not think it unreasonable or an abuse of discretion for the trustees handling a building with a gross revenue of around $36,000 a year, to have an operating fund of $7,000, which should be replaced from time to time out of the revenues of the building.  *  *  *

"These sections of the statute contemplate an express direction for accumulation of rents. There

is no express direction for accumulation of rent under this will, and under the testimony there has been no unreasonable accumulation of rents. I think that the only accumulation that has been shown by the evidence is perfectly proper and for the benefit of the trust estate. I think it perfectly proper for the trustees to pay operating expenses, and to pay current repairs; and as facilities like an elevator wear out, to replace these facilities, all out of current income. They are all to be lumped together for the purpose of this operation as operating expenses."

In appealing Donald Neil MacDonell urges that under and by virtue of the following statutes the accumulation of income beyond the minority of the beneficiary applies to the trust in the will and the trustees are governed thereby.

"An accumulation of rents and profits of real estate, for the benefit of 1 or more persons, may be directed by any will or deed sufficient to pass real estate, as follows:

"First. If such accumulation be directed to commence on the creation of the estate out of which the rents and profits are to arise, it must be made for the benefit of 1 or more minors then in being, and terminate at the expiration of their minority:

"Second. If such accumulation be directed to commence at any time subsequent to the creation of the estate out of which the rents and profits are to arise, it shall commence within the time in this chapter permitted for the vesting of future estates, and during the minority of the persons for whose benefit it is directed, and shall terminate at the expiration of such minority." (CL 1948, § 554.37 [Stat Ann § 26.37].)

"If in either of the cases mentioned in the last preceding section, the direction for such accumulation shall be for a longer time than during the minority of the persons intended to be benefited thereby, it shall be void as to the time beyond such minority;

and all directions for the accumulation of the rents and profits of real estate, except such as are herein allowed, shall be void." (CL 1948, § 554.38 [Stat Ann § 26.38].)

"When in consequence of a valid limitation of an expectant estate, there shall be a suspense of the power of alienation, or of the ownership during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the person presumptively entitled to the next eventual estate." (CL 1948, § 554.40 [Stat Ann § 26.40].)

The trustees urge that the above quoted statutes do not apply as under the will the trustees may, in their discretion, use all of the income and may invade the corpus of the trust, if necessary, to meet the needs of the beneficiary; that the management of the trust estate being committed to the trustees, a temporary withholding of income to meet the reasonably anticipated expenses of the trust is not unlawful; and that the corpus of the trust estate consisting of both real and personal property, does not come within the prohibition of the statute.

A brief filed in behalf of the guardian *ad litem* of the minor and unborn children of petitioner urges that the testatrix, by failing to provide a valid direction for the accumulation of rents and profits, has caused her will to come within the terms of CL 1948, § 554.40.

In the supplemental petition filed in the probate court, the relief asked for is the payment of net income as well as a construction of the provisions of the will relating to the accumulation of income. The probate court entered the following order:

"1. That this court has jurisdiction to construe the will in this proceeding with reference to the claim

of said beneficiary to be entitled to receive the entire net income from said trust.

"2.    The provisions of the statute prohibiting the accumulation of rents and profits from real estate for a period longer than the minority of a beneficiary, being CL 1948, §§ 554.37, 554.38, 554.40 (Stat Ann §§ 26.37, 26.38 and 26.40), are hereby ordered to supersede any contrary interpretation of the said will which directed the payment of $200 per month out of the net income to said beneficiary and which made no specific direction as to the payment of the surplus of the net income, and said trustees are hereby directed to comply with said statutory provisions and pay the entire net income to said beneficiary in monthly instalments from and after the date of this order and to pay forthwith any net income which may have been accumulated since the accounting date set forth in the third annual account of the trustees which has heretofore been approved by this court.

"3.    That the petition to require the trustees to pay to said beneficiary the sums heretofore paid upon a mortgage against the trust property is denied for the reason that said payments were set forth in the first 3 annual counts of said trustees which have been allowed by the court without objection and which payments are not now open to question."

The sections of the statute relating to the accumulating of rents and profits insofar as the present case is concerned read as follows:

"An accumulation of rents and profits of real estate, for the benefit of 1 or more persons, may be directed by any will or deed sufficient to pass real estate, as follows:

"First. If such accumulation be directed to commence on the creation of the estate out of which the rents and profits are to arise, it must be made for the benefit of 1 or more minors then in being, and terminate at the expiration of their minority:

"Second. If such accumulation be directed to commence at any time subsequent to the creation of the estate out of which the rents and profits are to arise, it shall commence within the time in this chapter permitted for the vesting of future estates, and during the minority of the persons for whose benefit it is directed, and shall terminate at the expiration of such minority." CL 1948, § 554.37 (Stat Ann § 26.37).

"If in either of the cases mentioned in the last preceding section, the direction for such accumulation shall be for a longer time than during the minority of the persons intended to be benefited thereby, it shall be void as to the time beyond such minority; and all directions for the accumulation of the rents and profits of real estate, except such as are herein allowed, shall be void." CL 1948, § 554.38 (Stat Ann § 26.38).

It is to be noted that the above statute refers to rents and profits from real estate. The trustees urge that inasmuch as the corpus of the trust estate consists of both real and personal property, it does not come within the prohibition of the statute. We are not in accord with this view as it appears that the income from the realty is approximately 99 per cent. of the total income.

In *Eldred* v. *Shaw,* 112 Mich 237, the accretions or income came from a mixed fund of land and personalty. We there said:

"It was clearly intended by the testator that these accretions should constitute a fund of which his grandson should receive the income, and that the principal, at complainant's death, should go in the same direction as the real estate. It follows that this fund must be invested under the order of the court, and the income paid to the complainant."

In the case at bar the trustees did not have an absolute power to make the determination of whether

there would be an accumulation or not. The will by implication directed an accumulation. The trustees were given an option under certain circumstances to dispose of accumulation as well as a part of the corpus of the estate. The discretion of the trustee was not absolute. In our opinion there is accumulation when there is net income available and it is not distributed within a reasonable time. The record shows that at the time the cause was heard in the circuit court there was a balance in the rental account of $1,569. This sum is an accumulation of rents and profits and should be distributed in accordance with the statute. We are not in accord with the decision of the trial court that the statute contemplates an express direction for accumulation of rents. An implied direction for accumulation of rents is also void under the statute. In this appeal we do not have the question of whether or not the trustee should establish a reserve account for repairs to the apartment building. This question was not properly before the circuit court. Possibly an appropriate petition in the probate court could accomplish the desired result.

The judgment of the circuit court in dismissing petitioner's petition is reversed and the cause remanded to the circuit court with instructions to remand it to the probate court for proceedings in harmony with this opinion. No costs are allowed as the construction of a statute is involved.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.